# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Diana Goodsell, et al., | Case No. 2:23-cv-01510-APG-DJA |
| Plaintiffs, | |
| v. | **Order** |
| Teachers Health Trust; et al., | |
| Defendants. | |

This is a class action arising out of Plaintiffs'[1] allegations that Defendants[2] failed to provide adequate healthcare to teachers through the Clark County School District's adopted system of group insurance: the Teachers Health Trust.  Plaintiffs sue Defendants for damages, alleging breach of contract, negligence/gross negligence, unjust enrichment, breach of fiduciary duty, negligent misrepresentation, violation of NRS 287.010, negligence per se, consumer fraud and deceptive trade practices, and fraudulent misrepresentation.  Defendants Intermountain MS NV, LLC f/k/a DaVita Medical Management Services Nevada, LLC f/k/a HealthCare Partners, Nevada, LLC; HealthCare Partners Medical Group (Coats), Ltd. f/k/a DaVita Medical Group Nevada (Coats), Ltd.; HCP Medical LV, LLC f/k/a DaVita Medical IPA LV, LLC; and IHC Health Services, Inc. (together, the "Intermountain Defendants") move to seal a redacted version of their motion to compel arbitration and Exhibits 1 through 8 attached thereto.  (ECF No. 17).

---

[1] Plaintiffs include Diana Goodsell, Sheri DeBartolo, Michelle Reily, Annette Anas, and Paula Kevish.

[2] Defendants include Teachers Health Trust; Clark County School District; Medsource Management Group, LLC d/b/a/ Wellhealth Quality Care; Wellhealth Medical Associates (Volker), PLLC; Wellhealth Medical Group (Volker), PC; HealthCare Partners Nevada, LLC; DaVita Medical Management Service of Nevada, LLC; DaVita Medical Group Nevada (Coats), Ltd.; DaVita Medical IPA LV, LLC; IHC Health Services, Inc. d/b/a Intermountain Healthcare; Value Based Healthcare Institute, LLC f/k/a VBH Partners, Value Based Healthcare Partners, and VBH, Inc.; Michael Skolnik; Gary Earl; and Michael Steinbrink.

No party filed a response. Because the Court finds that the Intermountain Defendants have not demonstrated compelling reasons, it denies the motion to seal. The Court will maintain the documents under seal and give the Intermountain Defendants thirty days to file a renewed motion to seal.

**I.     Discussion.**

A party seeking to file a confidential document under seal must file a motion to seal and must comply with the Ninth Circuit's directives in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) and *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092 (9th Cir. 2016). A party seeking to seal judicial records attached to motions more than tangentially related to the merits of the case must meet the "compelling reasons" standard. *See Kamakana*, 447 F.3d at 1183; *Ctr. for Auto Safety*, 809 F.3d at 1101. For records attached to motions not more than tangentially related to the merits of the case, the "good cause" standard applies. *See Ctr. for Auto Safety*, 809 F.3d 1095, 1101.

Under the compelling reasons standard, a court may seal a record only if it finds "compelling reasons" to support such treatment and articulates "the factual basis for its ruling, without relying on hypothesis or conjecture." *Ctr. for Auto Safety*, 809 F.3d at 1096-97. Compelling reasons exist when such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets. *Id.* at 1097 (internal quotations and citations omitted). The compelling reasons must be "supported by specific factual findings," that outweigh "the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Kamakana*, 447 F.3d at 1178-79 (internal quotations and citations omitted). The Ninth Circuit has rejected efforts to seal documents under the "compelling reasons" standard based on "conclusory statements about the contents of the documents—that they are confidential" and that, in general, their disclosure would be harmful to the movant. *Id.* at 1182. Furthermore, any "requests to seal documents must be 'narrowly tailored' to remove from the public sphere only the material that warrants secrecy." *Florence v. Cenlar Fed. Sav. & Loan*, No. 2:16-cv-00587, 2017 WL 1078637, at *2 (D. Nev. March 20,

2017).  "As a corollary, to the extent any confidential information can be easily redacted while leaving meaningful information available to the public, the court must order that redacted versions be filed rather than sealing entire documents."  *Id.*; *see In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417, 425 (9th Cir.  2011); *see Welch v. Minev*, No. 2:19-cv-01064-GMN-BNW, 2022 WL 4809269, at *2 (D. Nev. Oct. 1, 2022).

### A.    *The motion to compel arbitration is dispositive for the purposes of sealing.*

"[D]istrict courts differ on whether a motion to compel arbitration is a dispositive or nondispositive motion for sealing purposes" *In re Uber Text Messaging*, No. 18-cv-02931-HSG, 2019 WL 8200602, at *2 (N.D. Cal. May 30, 2019) (citing *Martin v. Wells Fargo Bank, N.A.*, No. 12-cv-06030-SI, 2013 WL 5441973, at *2 (N.D. Cal. Sept. 30, 2013) (collecting cases)).  But the Court finds more persuasive the reasoned opinions concluding that a motion to compel arbitration is dispositive because of its similarities to motions to remand or transfer.  *See, e.g.*, *Langell v. Ideal Homes LLC*, No. 16-CV-00821-HRL, 2016 WL 8711704, at *3–4 (N.D. Cal. Nov. 18, 2016), *report and recommendation adopted*, No. 16-CV-00821-LHK, 2016 WL 10859440 (N.D. Cal. Dec. 7, 2016).  Courts in the Ninth Circuit employ a "functional approach" to determine whether a motion is dispositive by looking to its effect.  *See Flam v. Flam*, 788 F.3d 1043, 1046 (9th Cir. 2015).  Like a motion to remand or transfer, a motion to compel arbitration results in the case being transferred to a different forum for resolution of the merits.  *Cf. id.* at 1047 (holding that motion to remand is dispositive because it "preclusively determines the important point that there will not be a federal forum available to entertain a particular dispute") (internal quotation omitted).  Though a federal court technically retains jurisdiction to enforce arbitration awards, the "limited and highly deferential" mode of review, *Comedy Club, Inc. v. Improv W. Assocs.*, 553 F.3d 1277, 1288 (9th Cir. 2009), has the practical impact of "put[ting] the parties effectively out of federal court." *Harmston v. City & Cty. of San Francisco*, 627 F.3d 1273, 1278–79 (9th Cir. 2010) (internal quotation and emphasis omitted).  Thus, the Court finds that a motion to compel arbitration is dispositive and accordingly, it applies the compelling reasons standard to the motion to seal.

### B. The Court denies the motion to seal.

The Intermountain Defendants explain that they seek to seal Exhibits 1 through 8 because they "contain confidential/proprietary business information of the parties" and that the agreements "provide that they are confidential." (ECF No. 17). However, that is the only reasoning the Intermountain Defendants provide for sealing these exhibits and the references thereto in the motion to compel arbitration. This is insufficient for the Court to grant the motion without relying on hypothesis and conjecture. The Court thus denies the motion to seal but will defer unsealing the documents and will give the Intermountain Defendants thirty days to file a renewed motion to seal.

**IT IS THEREFORE ORDERED** that the Intermountain Defendants' motion to seal (ECF No. 17) is **denied**.

**IT IS FURTHER ORDERED** that the Intermountain Defendants shall file a renewed motion to seal on or before **November 22, 2023.** If the Intermountain Defendants do not file a renewed motion to seal on or before November 22, 2023, the Court will order the documents filed at ECF Nos. 13 and 14 to be unsealed.

**IT IS FURTHER ORDERED** that the documents filed at ECF Nos. 13 and 14 shall remain under seal until the Court's decision on Defendants' renewed motion to seal.

DATED: October 23, 2023.

```
                              _____
                              DANIEL J. ALBREGTS
                              UNITED STATES MAGISTRATE JUDGE
```