1          UNITED STATES DISTRICT COURT

2          DISTRICT OF NEVADA

3    DIANA GOODSELL, et al.,                    Case No.: 2:23-cv-01510-APG-DJA

4         Plaintiffs                            **Order Granting Defendant Michael**
                                                **Skolnik's Motion to Dismiss**
5    v.
                                                [ECF No. 15]
6    TEACHERS HEALTH TRUST, et al.,

7         Defendants

8          The plaintiffs are teachers and other Clark County School District (CCSD) employees

9    who are enrolled in the Teachers Health Trust (THT) for health benefit coverage.  The plaintiffs

10   allege that THT has been mismanaged, either negligently or intentionally, to their detriment.

11   They sue various entities and individuals on behalf of themselves and others similarly situated.[1]

12   As relevant to this order, the plaintiffs sue former THT chief executive officer Michael Skolnik[2]

13   for negligence and gross negligence (count three), unjust enrichment (count four), breach of

14   fiduciary duty (count five), violations of Nevada Revised Statutes (NRS) § 287.010, *et seq.*

15   (count seven), negligence per se (count eight), consumer fraud (count nine), and fraudulent

16   misrepresentations and omissions (count ten).

17         Skolnik moves to dismiss all the claims against him on a variety of grounds.  The parties

18   are familiar with the facts, so I repeat them here only as necessary to resolve the motion.  I grant

19   Skolnik's motion to dismiss, with leave to amend as set forth in this order.

20   / / / /

21

22   [1] Prior to the case being removed to this court, the state court certified a class action.

23   [2] The parties sometimes spell Skolnik's name as Skolnick.  I refer to him as Skolnik because that
     is how he is identified in the case caption.  If that is the incorrect spelling of his name, that
     should be cured on amendment.

1  **I.  ANALYSIS**

2      In considering a motion to dismiss under Rule 12(b)(6), I take all well-pleaded

3  allegations of material fact as true and construe the allegations in a light most favorable to the

4  non-moving party. *Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1096 (9th Cir. 2017).  However, I

5  do not "assume the truth of legal conclusions merely because they are cast in the form of factual

6  allegations." *Navajo Nation v. Dep't of the Interior*, 876 F.3d 1144, 1163 (9th Cir. 2017).  A

7  plaintiff must make sufficient factual allegations to establish a plausible entitlement to relief. *Bell*

8  *Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).  Such allegations must amount to "more than

9  labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id.* at

10  555.

11      **A.  Lack of Standing**

12      Skolnik argues the plaintiffs lack standing to sue him because any claim against him

13  belongs to THT, not to the individual plan participants.  Skolnik relies on a Supreme Court of

14  Nevada case that sets forth the test to determine whether a claim is direct or derivative with

15  respect to corporations.  He contends that under this test, the plaintiffs' claims are derivative

16  because claims based on his alleged mismanagement and compensation belong to THT.

17      The plaintiffs respond that Skolnik's argument fails because he relies on a case about a

18  corporation, but THT is a trust.  They contend that as trust beneficiaries, they have standing to

19  sue Skolnik because trust property is theirs.  Skolnik replies that the same principles that apply to

20  corporations also apply to trusts because under the Restatement (Third) of Trusts, the trustee is

21  the proper party to bring a claim against a third party like him unless the trustee is unavailable or

22  is improperly refusing to bring the claim.  He argues the plaintiffs cannot pursue derivative

23

1  claims because they have not alleged that they asked the trustees to sue, the trustees refused, and

2  that refusal was wrongful.

3      The Supreme Court of Nevada has not addressed whether individual plan participants in a

4  health benefits trust can directly sue the trust's CEO.  I therefore predict what that court would

5  do if faced with the question. *See In re Kekauoha-Alisa*, 674 F.3d 1083, 1087-88 (9th Cir. 2012)

6  ("Absent a controlling state court decision, our duty is to predict how the highest state court

7  would decide the issue.").

8      "In the absence of controlling law, [the Supreme Court of Nevada] often look[s] to the

9  Restatements for guidance." *In re Frei Irrevocable Tr.*, 390 P.3d 646, 650 n.3 (Nev. 2017) (en

10  banc).[3]  The Supreme Court of Nevada has previously declined to address whether a beneficiary

11  was the proper party to bring a claim against a former trustee and two other third parties after a

12  successor trustee was appointed because the parties did not argue the point. *See In re Aboud Inter*

13  *Vivos Tr.*, 314 P.3d 941, 943 n.2 (Nev. 2013).  In doing so, the Supreme Court pointed to § 294

14  comment a of the Restatement (Second) of Trusts. *Id.*  That comment states that "if a third

15  person commits a tort with respect to the trust property the trustee and not the beneficiary is

16  ordinarily the proper party to bring an action against the third person." Restatement (Second) of

17  Trusts § 294 cmt. a (1959).

18      The Restatement (Third) of Trusts reflects a similar principle.  Under § 107(1), the trustee

19  is the party who may sue a third party on behalf of the trust and the beneficiaries.  In contrast, a

20  "beneficiary may maintain a proceeding related to the trust or its property against a third party

21  only if . . . the beneficiary is in possession, or entitled to immediate distribution, of the trust

22

23  [3] *See also In re SSJ's Issue Tr.*, No. 85927, 544 P.3d 237, 2024 WL 900264, at *1 (Nev. Mar. 1, 2024) (citing the Restatement); *In re Carlotta D. Martin Living Tr.*, Nos. 74961, 78568, 461 P.3d 879, 2020 WL 2026740, at *2 (Nev. April 24, 2020) (same).

1  property involved; or . . . the trustee is unable, unavailable, unsuitable, or improperly failing to

2  protect the beneficiary's interest." Restatement (Third) of Trusts § 107(2) (2012).  Comment b

3  explains that because the trustee holds the title to trust property and represents the trust and its

4  beneficiaries, "the trustee is normally the appropriate person to bring (and to decide whether to

5  bring) an action against a third party on behalf of the trust." *Id.* § 107 cmt. b.  Thus, "[e]xcept as

6  provided in Subsection (2), a beneficiary has no standing to sue a third party on behalf of the

7  trust." *Id.*  However, if "the beneficiary can show that the trustee is improperly refusing or

8  neglecting to bring an action," "the trustee is unavailable or unable to act," or "the trustee and the

9  third party are committing or have committed a breach of trust," then the beneficiary may have

10 standing to sue. *Id.* § 107 cmt. c(2).  "A cause of action that may be brought on behalf of the trust

11 is itself a trust asset, and any recovery ordinarily belongs to the trust estate, regardless of who

12 prosecuted the action." *Id.* § 107 cmt. e.

13      I predict the Supreme Court of Nevada would follow the Restatement and hold that

14 public benefit plan beneficiaries lack standing to pursue claims against third parties unless the

15 trustee improperly refuses to bring the claim, improperly neglects to do so, is unavailable or

16 unable to act, or is jointly committing a breach of trust with the third party.  This result is

17 particularly appropriate in the context of a defined benefit plan like THT, under which the

18 plaintiffs' rights are "more in the nature of a contract" than a typical trust. *Thole v. U. S. Bank*

19 *N.A.*, 590 U.S. 538, 542-43 (2020).

20      I grant Skolnik's motion to dismiss for lack of standing because the plaintiffs do not have

21 standing as plan beneficiaries, and they have not alleged facts supporting an exception to allow

22 them to sue.  However, because it is not clear that amendment would be futile, I grant the

23 plaintiffs leave to amend. *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109,

1 1118 (9th Cir. 2013) ("As a general rule, dismissal without leave to amend is improper unless it

2 is clear that the complaint could not be saved by any amendment." (simplified)).  Because I am

3 allowing amendment, I will review the remainder of Skolnik's arguments to determine whether

4 amendment is futile as to particular claims.

5          **B.  Economic Loss Doctrine**

6          Skolnik argues that the plaintiffs' negligence claims are barred by the economic loss

7 doctrine because they allege purely economic losses.  The plaintiffs respond that the economic

8 loss doctrine does not apply because they have not alleged a breach of contract claim against

9 Skolnik.  They contend that because Skolnik breached duties imposed by law, the doctrine does

10 not bar their claims.  In reply, Skolnik contends that the plaintiffs do not have to assert a breach

11 of contract claim against him for the doctrine to apply.

12          "The economic loss doctrine is a judicially created rule" that "marks the fundamental

13 boundary between contract law, which is designed to enforce the expectancy interests of the

14 parties, and tort law, which imposes a duty of reasonable care and thereby generally encourages

15 citizens to avoid causing physical harm to others." *Terracon Consultants W., Inc. v. Mandalay

16 Resort Grp.*, 206 P.3d 81, 85-86 (Nev. 2009) (simplified).  Its purpose is "to shield defendants

17 from unlimited liability for all of the economic consequences of a negligent act, particularly in a

18 commercial or professional setting, and thus to keep the risk of liability reasonably calculable."

19 *Id.* at 83.

20          "The doctrine bars unintentional tort actions when the plaintiff seeks to recover purely

21 economic losses," subject to exceptions "when strong countervailing considerations weigh in

22 favor of imposing liability." *Id.* at 86 (simplified).  Thus, the economic loss doctrine bars a

23 plaintiff from asserting a negligence claim for economic losses "unless there is personal injury or

property damage." *Id.* at 87.  However, some courts "have made exceptions to allow such

recovery in certain categories of cases, such as negligent misrepresentation and professional

negligence actions against attorneys, accountants, real estate professionals, and insurance

brokers." *Id.*

The plaintiffs do not dispute that their losses are purely economic.  Instead, they contend

that the doctrine does not apply because they have not asserted a breach of contract claim against

Skolnik.  The plaintiffs cite no authority that the doctrine applies only where the plaintiff asserts

a breach of contract claim against the defendant.  The doctrine would be easily evaded if the

plaintiff could simply refrain from asserting a breach of contract claim to avoid its application.

Moreover, the plaintiffs asserted a breach of contract claim against THT. ECF No. 1-2 at 24.

They allege Skolnik was negligent in his duties as THT's CEO in administering THT's plan

under which the plaintiffs claim contractual rights.  Contract law is thus "better suited to resolve"

these claims, so I dismiss the plaintiffs' negligence, gross negligence, and negligence per se

claims with prejudice as barred by the economic loss doctrine. *Terracon Consultants W., Inc.*,

206 P.3d at 89.

**C.  Unjust Enrichment**

Skolnik argues the second amended complaint (SAC) fails to state a claim for unjust

enrichment because the plaintiffs have not plausibly alleged that they conferred a benefit on him

or that he accepted that benefit.  The plaintiffs respond that they have adequately alleged that

Skolnik was unjustly enriched because THT paid Skolnik's consulting firm millions of dollars at

a time when THT owed medical providers tens of millions of dollars.  They contend that Skolnik

failed to disclose that as CEO, he was paying millions of THT's dollars to a company he owned

and controlled.  They also assert that THT and Skolnik promised to pay the plaintiffs' medical

1  bills but failed to do so for months.  In reply, Skolnik argues these allegations are insufficient

2  because the SAC alleges THT conferred a benefit on his company, Value Based Healthcare

3  Institute, LLC (VBH), not that the individual plan participants conferred a benefit on Skolnik

4  personally.  He contends he cannot be liable for claims against VBH, which is a separate legal

5  entity.

6        "Unjust enrichment exists when the plaintiff confers a benefit on the defendant, the

7  defendant appreciates such benefit, and there is acceptance and retention by the defendant of

8  such benefit under circumstances such that it would be inequitable for him to retain the benefit

9  without payment of the value thereof." *Certified Fire Prot. Inc. v. Precision Constr.*, 283 P.3d

10  250, 257 (Nev. 2012) (simplified).

11        The plaintiffs have not plausibly alleged an unjust enrichment claim because they do not

12  allege that they conferred a benefit on Skolnik.  Rather, they allege that THT paid Skolnik

13  double the salary of prior CEOs and paid VBH millions of dollars in consulting fees. ECF No. 1-

14  2 at 7, 18-19.  They have cited no authority that they can sue Skolnik for THT allegedly unjustly

15  enriching him and VBH.  The plaintiffs have therefore failed to allege an unjust enrichment

16  claim against Skolnik.  However, because it is not clear that amendment would be futile, I grant

17  the plaintiffs leave to amend if there is a factual and legal basis to do so.

18        **D.  Failure to Plead with Particularity**

19        Federal Rule of Civil Procedure 9(b) "requires a party to state with particularity the

20  circumstances constituting fraud or mistake," including "the who, what, when, where, and how

21  of the misconduct charged." *Ebeid ex rel. U.S. v. Lungwitz*, 616 F.3d 993, 998 (9th Cir. 2010)

22  (quotation omitted).  The plaintiff also "must set forth what is false or misleading about a

23  statement, and why it is false." *Id.* (quotation omitted).  "Allegations of fraud must be specific

1 | enough to give defendants notice of the particular misconduct which is alleged to constitute the

2 | fraud charged so that they can defend against the charge and not just deny that they have done

3 | anything wrong." *Glazer Cap. Mgmt., L.P. v. Forescout Techs., Inc.*, 63 F.4th 747, 765 (9th Cir.

4 | 2023) (simplified).

5 |                                       1.  Breach of Fiduciary Duty

6 |         To state a claim for breach of fiduciary duty, the plaintiffs must plausibly allege:

7 | (1) Skolnik owed them a fiduciary duty, (2) he breached that duty, and (3) they were damaged as

8 | a result. *Guzman v. Johnson*, 483 P.3d 531, 538 (Nev. 2021) (en banc).  Under Nevada law, a

9 | breach of fiduciary duty claim sounds in fraud. *See Nevada State Bank v. Jamison Fam. P'ship*,

10 | 801 P.2d 1377, 1382 (Nev. 1990).  Thus, it must be pleaded with particularity under Federal

11 | Rule of Civil Procedure 9(b).

12 |         Skolnik argues the plaintiffs have not plausibly alleged that he owed a fiduciary duty to

13 | the plaintiffs, as opposed owing a duty to THT as its CEO.  The plaintiffs state, in conclusory

14 | fashion, that they "have clearly alleged the existence of a fiduciary relationship" because he was

15 | THT's CEO during a period when misconduct and negligence took place.  The plaintiffs do not

16 | respond to Skolnik's argument that his fiduciary duties as CEO ran to THT, not to the individual

17 | plan participants, nor do they cite any authority to the contrary.  They also do not plead this

18 | claim the requisite particularity.  I therefore grant Skolnik's motion to dismiss this claim, with

19 | leave to amend if a legal and factual basis exists to do so.

20 |                                       2.  Deceptive Trade Practices

21 |         Under NRS § 41.600(1), "any person who is a victim of consumer fraud" may sue for

22 | damages.  Consumer fraud includes "[a] deceptive trade practice" as defined by the Nevada

23 | Deceptive Trade Practices Act, including making false representations to sell a good or service.

1  NRS §§ 41.600(2)(e), 598.0915.[4]  The plaintiffs allege that the defendants "made false

2  representations and used deception . . . in connection [with] purporting to provide health

3  insurance coverage to Plaintiffs . . . then refusing in bad faith to comply with [the] contractual

4  obligations to provide the agreed-upon coverage." ECF No. 1-2 at 37.  The plaintiffs also allege

5  that the defendants "intentionally . . . devised a scheme to offer health care coverage, then

6  refused to honor the terms and conditions of the health plan, all while continuing to accept health

7  insurance premiums for coverage they failed to adequately provide to Plaintiffs." *Id.* at 37-38.

8         Skolnik argues the plaintiffs have not pleaded this claim with particularity because the

9  SAC impermissibly lumps all defendants together.  He also argues there are no allegations that

10  he made any representations, much less one that was fraudulent, and the plaintiffs have not

11  alleged that they relied on any such misrepresentation.  The plaintiffs respond that "[a]s detailed

12  in Plaintiffs' factual allegations regarding Skolnik[], each of those elements clearly apply here."

13  ECF No. 38 at 21.  The plaintiffs' conclusory pleading and response do not support a claim that

14  must be pleaded with particularity.  I will not construct the plaintiffs' arguments for them.  I

15  therefore dismiss this claim, with leave to amend.

16                        2.  Fraudulent Misrepresentation or Omission

17         Skolnik argues the plaintiffs have not pleaded this claim with particularity under Rule

18  9(b) because the plaintiffs impermissibly lump all defendants together.  He also argues there are

19  no allegations that he made any representations or the time or place he made those

20

21  [4] As relevant here, a deceptive trade practice occurs when, "in the course of his or her business or occupation," a person: "Knowingly makes a false representation as to the characteristics,

22  ingredients, uses, benefits, alterations or quantities of goods or services for sale or lease or a false representation as to the sponsorship, approval, status, affiliation or connection of a person

23  therewith" under NRS § 598.0915(5); "Advertises goods or services with intent not to sell or lease them as advertised" under NRS § 598.0915(9); and "Knowingly makes any other false representation in a transaction" under NRS § 598.0915(15). *See* ECF No. 1-2 at 37.

9

1   representations.  He also contends the plaintiffs have not alleged that they relied on any such

2   misrepresentation.  Finally, he asserts that the plaintiffs have failed to allege fraud by omission

3   because they do not plausibly allege he had a duty to disclose anything to plan participants, as

4   opposed to THT, and they do not allege how they relied on any omission to their detriment.

5        The plaintiffs respond they have adequately alleged each defendants' role in the

6   misconduct and have specifically identified Skolnik's misconduct related to VBH.  They contend

7   that Skolnik failed to disclose he was paying millions of dollars to an entity that he owned, that

8   he made representations regarding the services VBH was providing, and that he promised THT

9   would pay the plaintiffs' bills but failed to do so for months.

10       To state a fraud claim, a plaintiff must plausibly allege: (1) the defendant made a false

11  representation, (2) the defendant knew or believed the representation was false, (3) the defendant

12  intended to induce the plaintiff to rely on the false representation, (4) the plaintiff justifiably

13  relied on the misrepresentation, and (5) damages. *Nevada State Educ. Ass'n v. Clark Cnty. Educ.*

14  *Ass'n*, 482 P.3d 665, 675 (Nev. 2021).  "With respect to the false representation element, the

15  suppression or omission of a material fact which a party is bound in good faith to disclose is

16  equivalent to a false representation, since it constitutes an indirect representation that such fact

17  does not exist." *Nelson v. Heer*, 163 P.3d 420, 426 (Nev. 2007).

18       The SAC does not plead with particularity Skolnik's alleged misrepresentations or

19  omissions.  The paragraphs to which the plaintiffs cite do not identify with specificity any

20  statement Skolnik made. ECF No. 1-2 at 18-19 ¶¶ 72-73, 38 ¶ 184.[5]  They allege that Skolnik

21  omitted the fact that he owned and controlled VBH, but they do not allege or argue why he had a

22

23

---

[5] The plaintiffs cited to paragraphs 73 and 74, but I assume they meant paragraphs 72 and 73 because paragraph 74 is unrelated to Skolnik.

1  duty to disclose that information or that the plaintiffs justifiably relied on that omission.  I

2  therefore deny this claim, with leave to amend.

3          **F.  Violations of NRS § 287.010, *et seq.***

4          The SAC alleges Skolnik violated NRS § 287.010, *et seq.* by failing to oversee THT and

5  wasting THT funds.  ECF No. 1-2 at 34.  Skolnik argues that there is no private right of action

6  under these statutory sections generally or specifically against an officer of a benefits trust fund

7  like him.  The plaintiffs respond that there is one.

8          In resolving defendant Michael Steinbrink's motion to dismiss, I predicted that the

9  Supreme Court of Nevada would hold that there is no private right of action for damages under

10 NRS § 287.010(c).  As explained in my order on CCSD's motion to dismiss, NRS § 287.015

11 does not apply to THT.  The plaintiffs therefore cannot state a claim under NRS § 287.015 even

12 if there is a private right of action.  Therefore, amending to replead this claim would be futile, so

13 I dismiss it with prejudice.

14 **II.  CONCLUSION**

15         I THEREFORE ORDER that defendant Michael Skolnik's motion to dismiss **(ECF No.**

16 **15) is GRANTED** as set forth in this order.

17         I FURTHER ORDER that the plaintiffs may file a third amended complaint consistent

18 with this order if a basis in fact and law exists to do so.  Failure to file a third amended complaint

19 by June 28, 2024 will result in dismissal of all the plaintiffs' claims against defendant Michael

20 Skolnik with prejudice.

21         DATED this 29th day of May, 2024.

22

23                                             _____
                                             ANDREW P. GORDON
                                             UNITED STATES DISTRICT JUDGE