**STONEBARGER LAW, APC**
GENE J. STONEBARGER, ESQ.
California Bar No. 209461, *Pro Hac Vice*
101 Parkshore Drive, Suite 100
Folsom, CA 95630
(916) 235-7140 – Telephone
gstonebarger@stonebargerlaw.com

**HAYES | WAKAYAMA | JUAN**
JACK C. JUAN, ESQ.
Nevada Bar No. 6367
5798 S Durango Drive, Suite 105
Las Vegas, Nevada 89113
(702) 656-0808 – Telephone
(702) 655-1047 – Facsimile
jjuan@hwlawNV.com

*Attorneys for Plaintiffs and the Class*

STONEBARGER LAW, APC
101 Parkshore Drive, Suite 100
Folsom, CA 95630

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| DIANA GOODSELL, individually and on behalf of all those similarly situated; et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>TEACHERS HEALTH TRUST, a Nevada Trust; et al.,<br><br>Defendants. | Case No: 2:23-CV-01510-APG-DJA<br><br>**STIPULATED DISCOVERY PLAN**<br><br>SPECIAL SCHEDULING REVIEW REQUESTED |

STONEBARGER LAW, APC
101 Parkshore Drive, Suite 100
Folsom, CA 95630

Plaintiffs' Diana Goodsell, Sheri DeBartolo, Annette Anas, Michelle Reilly, and Paula Kevish, on behalf of themselves and the Certified Class in this case, ("Plaintiffs"), along with Defendant Teachers Health Trust ("Defendant" or "THT") (collectively the "Parties"), hereby submit this Stipulated Discovery Plan, pursuant to the Court's Minute Order (ECF No. 92), Dist. Nev. LR 26-1, and Federal Rules of Civil Procedure ("Fed. R. Civ. P.") Rule 26(f).

The remaining other two (2) named Defendants have had Defaults entered against them and have not appeared in this Federal Action after removal. On January 12, 2024, a Clerk's Default was entered against Defendant Medsource Management Group, LLC [ECF No. 70]; and on January 24, 2024 a Clerk's Default was entered against Defendant Value Based Healthcare Institute, LLC [ECF No. 76].

**I. Discovery Cut-Off Date**

The Parties stipulate to a discovery cut-off date of: **January 17, 2025**.

The discovery period is necessarily longer than 180 days from the date the first defendant appeared in this Court due to the prior stays issued in this Action after its removal from Nevada State Court; and as such will require special scheduling review pursuant to LR 26-1(b)(1). The proposed stipulated discovery cut-off date of January 17, 2025 is within 180 days after the filing of this Stipulated Discovery Plan.

On May 11, 2018, Plaintiffs commenced this action in the Eighth Judicial District of Nevada, Clark County, (the "State Court") Case No. A-18-774418-B, against Defendants THT, Medsource Management Group, LLC d/b/a Wellhealth Quality Care ("MedSource"); and CCEA. NV State Dkt. 2; and the first Defendants appeared in State Court on October 29, 2018.

*A. Initial Disclosures*

Nathan Ring, Esq. of Reese Ring Velto, PLLC was substituted in as counsel for THT on July 9, 2024. The FRCP Rule 26(f) conference took place on July 11, 2024. Allowance for Mr. Ring to review the voluminous materials in the case is necessary before the making

of initial disclosures. Thus, the Parties stipulate that they will make initial disclosures under Rule 26(a) on or before **August 23, 2024**.

*B. Subjects and Timing of Discovery*

Delays in discovery initially occurred in this matter due to appellate proceedings and due to COVID related issues. On January 6, 2023, Stonebarger Law, APC ("Stonebarger Law"), substituted in as the Attorney for Plaintiffs and the Class, and the parties immediately and diligently engaged in an intense discovery process during 2023 prior to the filing of the Second Amended Complaint ("SAC"). The discovery included substantial document productions by all Parties, including THT claims data and financial information, and multiple depositions of Defendants' fact witnesses and of the Class Representatives.

The bulk of the discovery in this matter has already occurred, although follow up discovery is need on certain subjects, including certain additional THT claims data and financial information. The additional discovery to be completed is expected to be limited to less than five (5) fact witness depositions (including potentially former THT executives, former Clark County School District ("CCSD") representatives and Plaintiff Kevish), two (2) expert depositions, and narrowly tailored additional document requests, requests for admission and interrogatories.

*C. Electronically Stored Information*

The Parties have agreed to preserve relevant documents and electronically stored information ("ESI") that may be relevant to the Parties' claims and defenses. The Parties do not believe a formal ESI discovery order is necessary at this time. In the event any issues with discovery or production of ESI arise that the Parties cannot resolve informally, before moving for an order relating to discovery, the movant must request a conference with the assigned magistrate judge.

*D. Privilege Issues*

The Parties are not aware of any unusual privilege issues at this time. If issues concerning privileged information arise in the future, the Parties will discuss and attempt to

STONEBARGER LAW, APC
101 Parkshore Drive, Suite 100
Folsom, CA 95630

STONEBARGER LAW, APC
101 Parkshore Drive, Suite 100
Folsom, CA 95630

resolve those issues between the Parties before seeking court intervention.

*E. Proposed Limitations on Discovery*

The scope of discovery will be governed by Fed. R. Civ. P., the Federal Rules of Evidence, and by the applicable Local Rule or case law. Beyond recognizing privilege issues and their potential impact on the case, the Parties do not anticipate the need for any changes or limitations on discovery at this time.

*F. Other Court Orders*

The Parties anticipate submitting proposed Orders prior to the discovery cut-off date regarding stipulations on the authenticity and admissibility of evidence at trial, including THT claims data and financial information produced by THT in the litigation. The Parties do not anticipate any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).

**II. Amending The Pleadings and Adding Parties**

Although the Parties do not currently anticipate the need to amend the pleadings and add parties, the Parties stipulate that the deadline for filing motions to amend to pleadings or add parties is 90 days before the close of discovery: **October 18, 2024**.

**III. Fed. R. Civ. P. 26(a)(2) Disclosures (Experts)**

The Parties stipulate that the deadline in Fed. R. Civ. P. Rule 26(a)(2)(D) for expert disclosures to be made is 60 days before the discovery cut-off date: **November 18, 2024**;

And that rebuttal-expert disclosures are to be made 30 days after the initial disclosure of experts: **December 18, 2024**.

**IV. Dispositive Motions**

The Parties stipulate that the deadline for filing dispositive motions is 30 days after the discovery cut-off date: **February 14, 2025**.

**V. Plaintiffs' Motion to Amend Class Definition to Include CCSD Retirees and to Appoint Plaintiff Kevish as Class Representative**

Plaintiff Paula Kevish is a CCSD Retiree and was added to this action through the Second Amended Complaint as a named Plaintiff and proposed Class Representative.

Plaintiff Kevish's deposition has not yet been taken. Based on the amended and supplemental allegations made on the Second Amended Complaint, Plaintiffs contend that the Class definition should be supplemented to add all enrolled CCSD Retirees, who received health insurance coverage from THT since November 1, 2014, when the Retirees Health Trust was merged into THT. The Parties stipulate that the Plaintiffs' deadline for filing any Motion to Amend the Class Definition and Appoint Class Representative is 30 days after the discovery cut-off date: **February 14, 2025**.

**VI. Pretrial Order**

The Parties stipulate that the deadline for the joint pretrial order is 30 days after the dispositive-motion deadline, which will be suspended until 30 days after decisions on any dispositive motions, the Motion to Amend Class Definition, or further court order. The disclosures required by Fed. R. Civ. P. Rule 26(a)(3) and any objections to them must be included in the joint pretrial order.

**VII. Alternative Dispute Resolution**

The Parties certify that they met and conferred about the possibility of using alternative dispute-resolution processes. The Parties agree upon attending private mediation, and it is preferred that such mediation occur in November of 2024.

**VIII. Alternative Forms of Case Disposition**

The Parties certify that they considered consent to trial by a magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. Rule 73 and the use of the Short Trial Program (General Order 2013-01); and have declined to trial by a magistrate judge. The Parties have elected for a trial by jury.

**IX. Electronic Evidence**

A jury trial has been demanded in this action, and the Parties certify that they discussed whether they intend to present evidence in electronic format to jurors for the purposes of jury deliberations. The parties reached agreement regarding providing discovery in an electronic format compatible with the court's electronic jury evidence



STONEBARGER LAW, APC
101 Parkshore Drive, Suite 100
Folsom, CA 95630

display system; and will consult the court's website or contact the assigned judge's courtroom administrator for instructions about how to prepare evidence in an electronic format and other requirements for the court's electronic jury evidence display system.

**STONEBARGER LAW, APC**
**HAYES | WAKAYAMA**

By /s/ Gene J. Stonebarger

GENE J. STONEBARGER
California Bar No. 209461 *Pro Hac Vice*
STONEBARGER LAW, APC
101 Parkshore Drive, Suite 100
Folsom, CA 95630

JACK C. JUAN
Nevada Bar No. 6367
HAYES | WAKAYAMA
5798 S Durango Drive, Suite 105
Las Vegas, Nevada 89113

*Attorneys for Plaintiffs and the Class*

**REESE RING VELTO, PLLC**

By /s/ Nathan R. Ring

NATHAN R. RING
Nevada Bar No. 12078
REESE RING VELTO, PLLC
3100 W. Charleston Blvd., Ste. 208
Las Vegas, NV 89102

*Attorneys for Defendant Teachers Health Trust*

**IT IS SO ORDERED.**

Dated: July 23, 2024

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

STONEBARGER LAW, APC
101 Parkshore Drive, Suite 100
Folsom, CA 95630

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court by using the court's CM/ECF system on the 22nd day of July, 2024.

By /s/ Gene J. Stonebarger