

Nathan R. Ring, Nevada Bar No. 12078
Paul D. Cotsonis, Nevada Bar No. 8786
Bradley Combs, Nevada Bar No. 16391
REESE RING VELTO, PLLC
3100 W. Charleston Blvd., Ste. 208
Las Vegas, Nevada 89102
Telephone: (725) 235-9750
*nathan@rrvlawyers.com*
*paul@rrvlawyers.com*
*brad@rrvlawyers.com*
Attorneys for Defendant, Teachers Health Trust

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| DIANA GOODSELL, SHERI DEBARTOLO, MICHELLE REILLY ANNETTE ANAS, and PAULA KEVISH, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TEACHERS HEALTH TRUST, MEDSOURCE MANAGEMENT GROUP, LLC dba WELLHEALTH QUALITY CARE, HEALTHCARE PARTNERS NEVADA, LLC, VALUE BASED HEALTHCARE INSTITUTE, LLC fka VBH PARTNERS fka VALUE BASED HEALTHCARE PARTNERS fka VBH, INC., *et al.*<br><br>Defendants. | Case No.: 2:23-CV-01510-APG-DJA<br><br>**JOINT STIPULATION AND [PROPOSED] ORDER EXTENDING REMAINING DEADLINES**<br><br>**[SECOND REQUEST]** |

Defendant, TEACHERS HEALTH TRUST ("Defendant" or "THT"), by and through its attorneys of record REESE RING VELTO, PLLC, and Plaintiffs, DIANA GOODSELL, SHERI

1

DEBARTOLO, MICHELLE REILLY, ANNETTE ANAS, and PAULA KEVISH, individually and on behalf of all others similarly situated, hereby jointly stipulate and request this Court extend for twenty-one (21) days the deadlines set for dispositive motion, and class certification amendment date set in the scheduling order in this matter. The parties are no requesting an extension of any discovery dates, including the discovery deadline date, which has already passed.

## I.   DISCOVERY ALREADY COMPLETED

Plaintiffs have taken the deposition of multiple individuals employed by and formerly employed by the Teachers Health Trust ("THT"). This includes the current THT CEO, Tom Zumtobel, prior THT CEO, Michael Skolnik,[1] and prior THT Chairman of the Board, Michael Steinbrink. Plaintiffs have also taken the deposition of Steven Keltie of WellHealth and Executive Director of the Clark County Education Association John Vellardita.

In addition to depositions, the Plaintiffs have served multiple sets of requests for production and interrogatories upon THT. Responses to those discovery requests have led to the production of substantial amounts of documents and electronic and native format data. The data includes years of claims data related to the approximately 80,000 affected putative class members. Plaintiffs have also disclosed an economic expert and produced an expert report on damages in the case.

THT has taken the deposition of all five of the named plaintiffs. THT has also submitted two sets of requests for production to Plaintiffs, Goodsell, Debartolo, Reilly, and Anas. THT has submitted one set of requests for production to Plaintiff Kevish. THT has also served interrogatories on all five of the named plaintiffs. The Plaintiffs have responded to the requests for production with voluminous records. THT has disclosed a rebuttal expert and provided a rebuttal expert report.

Though not strictly within the Court's required information under LR 26-3 for seeking extension of scheduling order deadlines, the parties also engaged in a mediation before Retired Magistrate Judge Peggy Leen on December 10, 2024. The parties dedicated significant time, briefing, and preparation to the matter but were unable to reach a resolution.

---

[1] This deposition required counsel to travel to San Francisco, California for this deposition because that is where non-party, Mr. Skolnik, resides. Mr. Skolnik was previously a party to this action, but was dismissed pursuant to this Court's Order. Scheduling for this deposition required coordination of Mr. Skolnik's schedule and three attorneys, which included the Plaintiffs' counsel, THT's counsel, and Mr. Skolnik's personal counsel.

Significant additional claims and general ledger data was provided by THT to the Plaintiffs following the Court's extension of discovery deadlines upon the first request. Following production of this data, Plaintiffs' expert produced a supplemental expert report. THT's expert then prepared and THT produced a supplemental rebuttal expert report.

THT produced significant additional supplemental documentation to Plaintiffs on April 17, 2025, the date of the close of discovery in this matter. The production was voluminous and related to two litigation matters the facts of which the Plaintiffs deemed relevant or related to this litigation. THT's supplemental responses are still being reviewed by the Plaintiffs.

The motions expected to be filed by Plaintiffs and by THT will heavily rely upon complicated claims and economic data. The motions will require significant attention to detail and organization of multiple exhibits. It is expected that the motions will potentially include requests for various sub-classes in this matter. For these reasons, the Parties are requesting additional time to complete their motions. In addition, the parties are proposing a briefing schedule in this document and request that the Court grant the proposed briefing schedule.

The parties present good cause for seeking the extension of the dispositive motion and amended class certification deadline. *See* LR 26-3. The deadline for amendment of class definition and dispositive motions is set for May 15, 2025, which is twenty-one (21) days from today.

In *Cochran v. Wal-Mart, Inc.*, Judge Koppe addressed the good cause standard for modifying scheduling order deadlines. Case No. 2:23-cv-00868-JAD-NJK (D. Nev., Oct. 5, 2023). Judge Koppe described good cause as follows:

> The good cause analysis turns on whether the subject deadlines cannot reasonably be met despite the exercise of diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992). In making this determination, courts consider whether relief from the scheduling order is sought based on the development of matters that could not have been reasonably anticipated at the time the schedule was established. *E.g., Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999). Courts may also consider other pertinent circumstances, including whether the movant was diligent in seeking modification of the scheduling order once it became apparent that the movant required relief from the deadline at issue. *E.g., Sharp v. Covenant Care LLC*, 288 F.R.D. 465, 467 (S.D. Cal. 2012). "The diligence obligation is ongoing" such that parties must "diligently attempt to adhere to [the deadlines in the scheduling order] throughout the subsequent course of the litigation." *Morgal v. Maricopa Cnty. Bd. of Supervisors*, 284 F.R.D. 452, 460 (D. Ariz. 2012).



Good cause exists for modification of the two scheduling deadlines here because (1) the parties have diligently engaged in discovery here, (2) the parties have been diligent in completing discovery throughout, (3) counsel realize that additional time is needed to prepare their briefing in this complicated class action matter, and (4) they are diligent in requesting this extension before the deadline.

As stated in Section I, the parties have already engaged in significant discovery in this action as discussed above and the parties are not seeking an extension of any discovery deadlines. They are only seeking the extension of the remaining motion and pretrial order deadlines.

As it concerns the need to extend the dispositive motion and class certification deadlines specifically, the supplemental expert report and rebuttal expert reports are lengthy and rely upon voluminous datasets. The datasets include complicated details concerning health claims and the matters in this class action case involve various aspects of health plan claims and health plan design.

It is important for counsel to provide the most concise argument to the Court in these motions. This will aid the parties but will also assist the Court in distilling the significant data and exhibits that will be filed in this matter.

In short, the parties have been diligent throughout, this matter and seek to continue working collaboratively in moving this matter forward and presenting this matter to the Court. With these aims in mind, the Parties propose the following revised scheduling order, with a modified briefing schedule for oppositions and replies:

## II.    PROPOSED DATES FOR REVISED SCHEDULING ORDER

| DEADLINE | CURRENT DEADLINE | NEW PROPOSED DEADLINE |
|---|---|---|
| Dispositive Motions | May 15, 2025 | June 5, 2025 |
| Motion to Amend Class Definition and Certification | May 15, 2025 | June 5, 2025 |
| Oppositions to Motions Filed |  | June 26, 2025[2] |

---

[2] This date would have been June 19, 2025, under normal operation of rules. The extension sought is one week from the normal rule operation deadline.

4

| Replies in Support of Motion Filed | | July 10, 2025[3] |
|---|---|---|

The parties are requesting only twenty-one (21) additional days on the unexpired deadlines and an extended briefing schedule for their motions as set out above. They are making this request in good faith and not to delay these proceedings. They believe this period is sufficient for completing the briefing and motions in this matter.

Dated: April 24, 2025                    By:  /s/ *Nathan Ring*
                                              Nathan R. Ring
                                              Paul Cotsonis
                                              Bradley Combs
                                              REESE RING VELTO, PLLC
                                              3100 W. Charleston Blvd., Ste. 208
                                              Las Vegas, NV 89102
                                              *Attorneys for Teachers Health Trust*

Dated: April 24, 2025                    By:  /s/ *Gene Stonebarger*
                                              Gene Stonebarger
                                              Stonebarger Law APC
                                              101 Parkshore Drive, Suite 100
                                              Folsom, California 95630

                                              JACK C. JUAN
                                              HAYES WAKAYAMA JUAN
                                              5798 S Durango Drive, Ste 105 Las Vegas, Nevada 89113
                                              *Attorneys for Plaintiffs*



---

[3] This date would have been July 3, 2025 assuming the June 26, 2025 opposition date is granted. This is a request for a one-week extension from that date.

## ORDER

Having considered the stipulation of the parties and the representations therein, and with good cause appearing, it is hereby ordered that the following deadlines are now set:

| DEADLINE ITEM | NEW DEADLINE |
| --- | --- |
| Dispositive Motions | June 5, 2025 |
| Motion to Amend Class Definition and Certification | June 5, 2025 |

The parties' proposed stipulated briefing schedule is also approved. The Oppositions to Motions will be due on or before June 26, 2025, and the Replies will be due on or before July 10, 2025.

IT IS SO ORDERED:

DATED: 4/25/2025

_____
UNITED STATES MAGISTRATE JUDGE

6