Nathan R. Ring, Nevada Bar No. 12078
Paul D. Cotsonis, Nevada Bar No. 8786
Bradley Combs, Nevada Bar No. 16391
REESE RING VELTO, PLLC
3100 W. Charleston Blvd., Ste. 208
Las Vegas, Nevada 89102
Telephone: (725) 235-9750
*nathan@rrvlawyers.com*
*paul@rrvlawyers.com*
*brad@rrvlawyers.com*
*Attorneys for Defendant, Teachers Health Trust*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| DIANA GOODSELL, SHERI DEBARTOLO, MICHELLE REILLY ANNETTE ANAS, and PAULA KEVISH, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TEACHERS HEALTH TRUST, MEDSOURCE MANAGEMENT GROUP, LLC dba WELLHEALTH QUALITY CARE, HEALTHCARE PARTNERS NEVADA, LLC, VALUE BASED HEALTHCARE INSTITUTE, LLC fka VBH PARTNERS fka VALUE BASED HEALTHCARE PARTNERS fka VBH, INC., *et al.*<br><br>Defendants. | Case No.: 2:23-cv-01510-APG-DJA<br><br>**JOINT STIPULATION AND ORDER EXTENDING REMAINING DEADLINES**<br><br>**[FOURTH REQUEST]** |

Defendant, TEACHERS HEALTH TRUST ("Defendant" or "THT"), by and through its attorneys of record REESE RING VELTO, PLLC, and Plaintiffs, DIANA GOODSELL, SHERI

1

DEBARTOLO, MICHELLE REILLY ANNETTE ANAS, and PAULA KEVISH, individually and on behalf of all others similarly situated, hereby jointly stipulate and request this Court extend for five (5) calendar days the deadlines set for replies in support of the motions filed in this matter on June 20, 2025. Those motions are THT's Motion for Summary Judgment, THT's Motion to Decertify Class, THT's Motion Seeking Exclude Expert Testimony, Plaintiffs' Motion Seeking an Unfavorable Inference for Spoilation, Plaintiffs' Motion to Amend Certified Class Definition, and Plaintiffs Motion Requesting Judicial Notice. ECF Nos. 104, 105, 106, 107, 108, 109, 110. These replies are currently due on July 24, 2025. The parties are not requesting an extension of any discovery dates, including the discovery deadline date, which has already passed.

## I.     DISCOVERY ALREADY COMPLETED

Discovery is closed, and the parties do not seek to engage in further discovery and are not requesting the Court to reopen discovery.

## II.    NEED FOR FIVE DAY EXTENSION

"A request made within 21 days of the subject deadline must be supported by a showing of good cause." LR 26-3. The parties present good cause for seeking the extension of the dispositive motion and amended class certification briefing schedule set by this Court on April 28, 2025. *See* LR 26-3; ECF No. 101. This request is made within 21 days of the expiration of the June 5, 2025, deadline for submission of dispositive motions and class certification amendment motions. Thus, good cause must be shown.

In *Cochran v. Wal-Mart, Inc.*, Judge Koppe addressed the good cause standard for modifying scheduling order deadlines. Case No. 2:23-cv-00868-JAD-NJK (D. Nev., Oct. 5, 2023). Judge Koppe described good cause as follows:

> The good cause analysis turns on whether the subject deadlines cannot reasonably be met despite the exercise of diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992). In making this determination, courts consider whether relief from the scheduling order is sought based on the development of matters that could not

have been reasonably anticipated at the time the schedule was established. *E.g., Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999). Courts may also consider other pertinent circumstances, including whether the movant was diligent in seeking modification of the scheduling order once it became apparent that the movant required relief from the deadline at issue. *E.g., Sharp v. Covenant Care LLC*, 288 F.R.D. 465, 467 (S.D. Cal. 2012). "The diligence obligation is ongoing" such that parties must "diligently attempt to adhere to [the deadlines in the scheduling order] throughout the subsequent course of the litigation." *Morgal v. Maricopa Cnty. Bd. of Supervisors*, 284 F.R.D. 452, 460 (D. Ariz. 2012).

Good cause exists for modification of the briefing schedule deadlines here because (1) the parties diligently engaged in and completed discovery here, (2) THT's counsel learned yesterday evening that a matter out of his control will prevent him from completing motions this week; (3) Plaintiffs' counsel and THT's counsel conferred nearly immediately on this issue; and (4) they are diligent in requesting this extension before the deadline expires on July 24, 2025.

On Saturday evening, July 19, 2025, THT's counsel learned his mother-in-law had been involved in a bike accident. As a result of the accident, she broke her tibia and fibula and has undergone one surgery with a second scheduled later this week. THT's counsel's mother-in-law assists as a caretaker for THT's counsel's children and will be unable to assist this week while THT's counsel's wife is away on a pre-planned work-related trip. This means the additional time THT's counsel was to dedicate to completion of the replies this week will be significantly reduced. Given that briefing has been extensive already, the replies require significant time and attention to detail for completion.

THT's counsel contacted Plaintiffs' counsel this morning, July 21, 2025, concerning this issue. Plaintiffs' counsel approved the filing of this stipulation on the same date.

The parties are only requesting a five-day extension of each of the current deadline because they want to be sure there is still urgency in completing the briefing on these six motions.

The parties have been diligent throughout this litigation and are now diligent in seeking an extension of the lone remaining date on the current briefing schedule due to the unforeseen events affecting THT's counsel's childcare situation. With these aims in mind, the Parties



3

1  propose the following revised scheduling order, with a modified briefing schedule for
2  oppositions and replies:

### III.  PROPOSED DATES FOR REVISED SCHEDULING ORDER

| DEADLINE | CURRENT DEADLINE | NEW PROPOSED DEADLINE |
| --- | --- | --- |
| Replies in Support of Motion Filed | July 24, 2025 | July 29, 2025 |

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

4

The parties are requesting only five (5) additional calendar days on the unexpired deadlines as set out above. They are making this request in good faith and not to delay these proceedings. Were it not for the unforeseen circumstance noted in Section II above, this extension would have been unnecessary.

Dated: July 21, 2025

/s/ Nathan Ring
Nathan R. Ring
Nevada Bar No. 12078
REESE RING VELTO, PLLC
3100 W. Charleston Blvd., Ste. 208
Las Vegas, NV 89102
*Attorneys for Teachers Health Trust*

Dated: July 21, 2025

/s/ Gene Stonebarger
Gene Stonebarger
Stonebarger Law APC
101 Parkshore Drive, Suite 100
Folsom, California 95630

JACK C. JUAN
HAYES WAKAYAMA JUAN
5798 S Durango Drive, Ste 105 Las Vegas, Nevada 89113
*Attorneys for Plaintiffs*

## ORDER

Having considered the stipulation of the parties and the representations therein, and with good cause appearing, it is hereby ordered that the following deadlines are now set:

| DEADLINE | CURRENT DEADLINE | NEW PROPOSED DEADLINE |
|---|---|---|
| Replies in Support of Motion Filed | July 24, 2025 | July 29, 2025 |

IT IS SO ORDERED:

DATED: July 22, 2025

_____
CHIEF UNITED STATES DISTRICT JUDGE

